UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S1-4:22CR396 CDP ) |
| CAMERON MCGHEE, | ) ) |
| Defendant. | ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Cameron McGhee, represented by defense counsel Cira Duffe, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1-3 of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's threats to D.W. and S.W. via text message on or between the dates of June 23, 2022 and July 5, 2022 and

1

his threats made against Special Agent J.D. via phone call on December 11, 2022, of which the Government is aware at this time.

The parties agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The Government intends to request an above-guidelines sentence.

## 3. ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 2261A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) the defendant used an electronic communication service or any other facility of interstate or foreign commerce, (2) the defendant used the electronic communication service or any other facility of interstate or foreign commerce to engage in a course of conduct, (3) while engaged in that course of conduct, the defendant intended to injure, harass, or intimidate D.W., and (4) that the defendant's acts constituting the course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to D.W.

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 2261A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) the defendant used an electronic communication service or any other facility of interstate or foreign commerce, (2) the defendant used the electronic communication service or any other facility of interstate or foreign commerce to engage in a course of conduct, (3) while engaged in that course of conduct, the defendant intended to injure, harass, or intimidate S.W., and (4) that the defendant's acts constituting the course of conduct caused,

2

attempted to cause, or would be reasonably expected to cause substantial emotional distress to S.W.

As to Count 3, the defendant admits to knowingly violating Title 18, United States Code, Section 115, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) the defendant threatened to assault or murder a federal law enforcement officer, (2) at the time of the alleged threat, the federal law enforcement officer was a federal official, and (3) that the defendant acted with the intent to impede, intimidate, interfere with, or retaliate against said person on account of the performance of official duties.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The defendant is a former member of the United States Air Force (USAF). He was separated from the USAF in August 2019 when he was stationed at Travis Air Force Base in California and moved back to St. Louis.

Count 1: The defendant sent multiple threatening text messages from his personal cellular phone to retired Senior Master Sergeant D.W. on his personal cellular phone on and between the dates of June 23, 2022 and July 5, 2022. Among others, these texts include the following communications:

1) *"I should have killed all of you when you were all in one place"*
2) *"I'll kill your wife"*
3) *"Mutilated kids and wife"*
4) *"Remember im gonna kill one of your kids"*
5) *"This is isnt a fucking game"*
6) *"I'll kill your kids"*
7) *"I just told you who my real targets are"*

3

    8) *"I'm going to kill all your kids and your wife"*
    9) *"I kill people who follow me"*
    10) *"I'll mutilate your kids"*
    11) *"Then your wife"*
    12) *"I'LL KILL YOU"*
    13) *"And im goingnto go to home depot and build a pipe bomb"*

Count 2: The defendant sent a series of text messages from his personal cellular phone to D.W.'s wife S.W. on her personal cellular phone on July 4, 2022, which included, among others, the following:

    1) *"I've been talking to D. about your kids"*
    2) *"I usually say lol but I'm being so 100% serious"*
    3) *"I almost beat a lady yesterday"*

Count 3: While the defendant was detained on Counts 1 and 2, he spoke with his mother regularly on the phone. On December 11, 2022, he stated – *"I hope J.D. is in the courtroom the next time, I'm going to run across the courtroom and I should wring her neck out. I hope oh, I just wring, I'll take my hands and squeeze every last breath of life out of her."* J.D. is the Federal Bureau of Investigation special agent who investigated Counts 1 and 2. The defendant was aware that his calls were being recorded and monitored while he was detained. J.D. monitored his calls and heard the threat against her, in addition to corroborating statements made by the defendant.

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty is:

Count 1 - imprisonment of not more than five (5) years, a fine of not more than $250,000, or both such imprisonment and fine; and,

Count 2 - imprisonment of not more than five (5) years, a fine of not more than $250,000, or both such imprisonment and fine; and,

Count 3 – imprisonment of not more than ten (10) years, a fine of not more than $250,000, or both such imprisonment and fine.

The Court may also impose a period of supervised release of not more than three (3) years.

**6. U.S. SENTENCING GUIDELINES (2023 MANUAL):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The Government believes that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions and that pursuant to Section 3D2.1, the counts do not group. The defendant does not agree to the Government's proposed Guideline calculations.

a. **Chapter 2 Offense Conduct for Count 1:**

(1) **Base Offense Level:** The Government contends that the base offense level is 18 for Count 1, as found in Section 2A6.2.

(2) **Specific Offense Characteristics:** The Government contends that the following Specific Offense Characteristics apply: two (2) levels should be added pursuant to Section 2A6.2(b)(1)(E) for Count 1; Thus, the offense level for Count 1 is 20.

b. **Chapter 2 Offense Conduct for Count 2:**

(1) **Base Offense Level:** The Government contends that the base offense level is 18 for Count 2, as found in Section 2A6.2. Thus, the offense level for Count 2 is 18.

c. **Chapter 2 Offense Conduct for Count 3:**

(1) **Base Offense Level:** The Government contends that the base offense level is 12 for Count 3, as found in Section 2A6.1.

**(2) Specific Offense Characteristics:** The Government contends that the following Specific Offense Characteristics apply: six (6) levels should be added pursuant to Section 3A1.2(b). Thus, the offense level for Count 3 is 18.

d. **Chapter 3 Adjustments as to all Counts:**

**(1) Multiple Count Adjustment:** The parties are fully aware that units may be assigned pursuant to Sections 3D1.4(a) and (b), and that this may result in an increase in the offense level. The Government contends that none of the counts should be grouped. The Government contends that because Counts 2 and 3 are 1 to 4 levels less serious than the first unit of Count 1, there are a total of three (3) units. Under 3D1.4, when the number of units is three (3), three (3) levels are added to the highest level. Adding the three (3) levels to the above highest subtotal of 20, results in a total offense level of 23.

e. **Chapters 3 and 4 Adjustments:**

**(1) Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent

6

with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **(2) Adjustment for Certain Zero-Point Offenders**: The Government contends that the defendant should not receive a two-level reduction under Section 4C1.1(a) irrespective of the Court's criminal history calculation because the defendant used credible threats of violence in connection with the offense, pursuant to Section 4C1.1(a)(3).

    **(3) Other Adjustments**: The parties agree that the following additional adjustments apply: no additional adjustments.

    **f. Estimated Total Offense Level**: The Government believes that the Total Offense Level is 20.

    **g. Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **h. Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   (2) **Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

   b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8

8. **OTHER:**

    a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

    d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.** **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g.** **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a

10

reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| _2/12/24_<br>Date | _[signature]_<br>Christine Krug<br>Assistant United States Attorney |
| _20240212_<br>Date | _[signature]_<br>Cameron McGhee<br>Defendant |
| _2-12-2024_<br>Date | _[signature] Cira Duffe_<br>Attorney for Defendant #49506 |