March 29, 2024

Honorable Catherine D. Perry
United States District Judge
Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South 10th St.
St. Louis MO 63102

Re: McGhee Cameron
Case No. 4:22CR396CD
Motion To Change Counsel
Motion To Change Plea

Dear Honorable Judge Perry

Your Honor I am contacting you to respectfully request a change of counsel. I would also like to ask the court for a change of plea hearing. Please allow me to explain why I would like to change counsel and my plea. My current court appointed attorney Ms. Lira R. Duffe has not made any effort whatsoever to go over my discovery with me. She also pressured me into signing a plea agreement without going over all of the conditions and rights I would be waiving. I attempted to ask Ms. Duffe about all of the conditions of the plea, all of my options at trial, and inform her more on the facts of my case and she responded by saying she thought I was playing games with her and rushed me into signing a plea I did not agree with. My previous attorney Mr. William CE Goldstein quit as my attorney not because of a breakdown of communication as he stated in court but because he did not want to take my case

to trial because he did not believe I had the funds to pay for his trial fee. He verbally told me this multiple times including on January 4th when I had my first plea hearing after recieving the last report from Dr. Samuel Browning. On that day I told Mr. Goldstein twice that I was not prepared to change my plea of not guilty when I have the option to go to trial. Your Honor I believe that was the reason why you did not accept my change of plea to guilty because you noticed I was very equivocal when addressing the court Your Honor. He also stated that I made threatening comments toward him and his family which is not true Your Honor. He was refering to comments I made last June on a phone call and he recieved this information from the prosecutor who intentionally misconstrued my word to make what I actually said appear to be a threat. Your Honor Mr. Goldstein also waived many of my rights and filed motions on my behalf without my consent. Also many if not all of the continuance in my case were not requested by myself. I asked him multiple times about my right to a speedy trial and he informed me that it had been waived and I never consented to waiving any of my rights. Your Honor I also have reason to believe that Mr. Goldstein attempted to use my mental health information against me by trying to argue that I wasn't competent to assist in my case. Even after my second court ordered psychological evaluation with Dr. Samuel Browning showed that I was more than competent and after Honorable Judge Welby specifically ordered Mr. Goldstein in court to consult me before making any decisions on my case he did not. On the occasions when I did meet with him anything I mentioned or asked about trial or correcting false and irrelevant information in my discovery he would tell me "that if I want to talk about trial I had to provide an extra ten thousand dollar

for his trial fee and that I didn't have the money for that. Other times he would blatantly ignore me. I also asked him about filing a motion to suppress evidence and he simply said he would not do that. Your Honor I was arrested in July of twenty twenty two and I was never given the opportun to view my discovery until March of twenty twenty three. I did request to see my discovery multiple times with my first attorney Mr. William E kiss however I never spoke or met with him. Mr. E kiss filed the first motio for a court ordered psychological evaluation and he was the one who raised doubts about my legal compentency. In the U.S. Supreme Court case Dusky v. United States the court ruled that the standard for competency to stand trial is based on whether the defendant "has sufficent present ability to consult with his lawyer with a reasonable degree of ratio understanding-and whether he has a rational as well as factual understanding of the preceedings against him". In Pate v. Robinson the U.S. Supreme Court ruled that the issue of competency must be raised if either the courts own evidence or that presented by the prosecution or defense raises a "bona fide doubt" about the defendants competency. The fact that Mr. E kiss filed a motion for an evaluation and waived my right to a speedy trial without m consent and without ever meeting or speaking with me is more evidence that I've had ineffective counsel and biased counsel since my arrest. Your Honor I have served in the military and there is nothing in my recent medic history that indicated I lacked legal competency to assist in my case. You Honor I would also like the court to know that while I was house at Pulaski County detention center in Illinois medical staff there attempte to administer psychotropic medications to me after I refused. I was told by the head nurse there that the U.S. Marshal's wanted me to take them because they said that I was autistic and that if I refused I would be kept in medical isolation and not released from jail. She

3 £5

told me that my attorney at the time Mr. Ekiss provided information to the court without my consent and a biased view toward mental health matters that I had Aspergers and that I couldn't function in general population which is not true. The same nurse told me that she had a friend in the U.S. Marshalls Service who was a former Marine that owed her a favor and that if I simply cooperated he would talk to the judge on my behalf which I never believed Your Honor. The U.S Supreme Court ruled in the Washington V. Harper case that pretrial detainees do have the right to refuse medication. The court ruled that once the defendant stated that he wanted to discontinue his medication, the state had to determine the need for Mellaril and the medical appropiateness of the drug which requires a separate judicial process. Again Your Honor I couldn't reach Mr. Ekiss at all during this time. This is why I changed counsel the first time Your Honor. Mr. Goldstein essential told me to just plea guilty so I can move on with my life which will no be the same after being labled a felon. Your Honor I am not a criminal and I have never lived my life as one. Also Your Honor I would like the court to know that I've made multiple request to my attorneys to be moved from my current location at Sainte Genevieve County Jail. I have made numerous reports to jail staff about assaults on myself and the rampant use of illicit drugs in the jail and they have all been ignored. This past December only a week before my appearance in your court on the nineteenth other inmates in my pod were smokin some sort of opiod which I have reason to believe was fentynal while I was sleeping and I awoke the next morning with a high. I was terrific I reported this to jail staff and filed reports and they did absolutely nothing and refused to move me to another pod. They even allowed the drug usage to continue after witnessing it for themselves. All of my reports

4 of 5

are documented with the jail within the City Telecoin system. On the seventeenth I was given disciplinary paperwork from jail staff with a false charge of "lying or providing a false statement to a staff member" after I made numerous emotional and desperate pleas to staff to be moved to protective custody were denied the previous day on the sixteenth. I even contacted my mother who contacted jail staff on my behalf and still nothing was done. The inmates in my pod discovered that I was telling and began burning K2 (a synthetic form of marijuana) to intentionally get me high. I have told Mr. Goldstein and Ms. Duffe about these incindents and my mother has emails documenting these reports. Ms. Duffe even laughed at me when I first told her about my concerns here at Sainte Genevieve. There was a death here at the jail because of an overdose and the body was passed directly passed my pod. This was two weeks before I signed my plea. I have been told by my attorneys that the best way out of this situation was to plea guilty. Your Honor uder these circumstances I would really just like to have the opportunity to be fairly represented and present my case to a jury of my peers. My inte is not to waste the courts time only to possibly paint myself in a better light. When I signed the plea agreement offered by the government I was mentally exhausted. I do not believe that my current counsel has my best intere in mind. I am not a dangerous person to anyone or to society and I woul like to prove that in court. I have overwhelming evidence to prove it.

Very Respectfully,
Cameron J. McGhee
1162151O

5 of 5



Cameron McGhee 78144
5 Basler Drive
Sainte Genevieu, MO 63670

SAINT LOUIS MO 630
3 APR 2024  PM 10 L

MAILED FROM STE GENEVIEVE CO DETENTION CENTER

RECEIVED
APR 0 5 2024
BY MAIL

LEGAL MAIL

Honorable Catherine D. Perry
United States District Judge
Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South 10th St.
St. Louis, MO 63102

63102-112748